United States District Court
Southern District of Texas

**ENTERED**

November 12, 2024

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Leonel Garcia,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action H-24-3560 |
| Justin Jackson, Milestone Chassis<br>Company, LLC, Lightning Logistics<br>LLC, et al.,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Plaintiff's Opposed Motion for Leave to File Plaintiff's Third Amended Complaint. ECF No. 10. The motion has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). The court recommends that the motion be **GRANTED in PART** and that the case be **REMANDED** to state court.

### 1. Background

This case started as a straightforward personal injury suit arising from a motor vehicle accident. ECF No. 1-2. In his Original Petition filed in Harris County state court on February 9, 2022, Leonel Garcia alleged that on January 28, 2022, Defendant Justin Jackson negligently rear-ended Garcia's vehicle causing him injuries. *Id.* at 3 (¶ 11). Garcia alleged that Jackson was operating a vehicle owned by Defendants Milestone Chassis Company and Lightning Logistics. *Id.* at 4 (¶ 17). Garcia brought various tort claims against all Defendants, including negligence, negligence *per se,* and negligent entrustment. *Id.* at 6–13.

Garcia amended his Petition in state court twice. In his First Amended Petition, a copy of which does not appear on the docket in this case, Garcia removed Milestone Chassis as a Defendant and added Yamay Fernandez. ECF No. 1 at 2. Garcia filed his Second Amended

Petition on September 9, 2024. ECF No. 2-6. The Second Amended Petition added ECM Diesel Houston, LLC as a Defendant and alleged several new causes of action. *Id.* Among others, Garcia alleged that Defendants' "conduct revolving around the reprogramming, refurbishing, and/or reconditioning ECM software and hardware . . . shows that these Defendants engaged in racketeering activity by committing acts, indictable under TITLE 18, U.S.C. sections including but not limited to, § 1028 . . . § 1029 relating to fraud . . . § 1952 relating to racketeering . . . and § 2321 relating to trafficking in certain motor vehicle parts." *Id.* at 13–14 (¶ 49). The federal allegations prompted Defendants to remove the case to this court on September 23, 2024. ECF Nos. 1, 2.

On September 30, 2024, Plaintiffs filed their request for a pre-motion conference. ECF No. 5. Plaintiffs requested they be permitted to file the instant motion for leave to amend their complaint, which the court allowed. ECF No. 9. Now before the court is Plaintiff's Opposed Motion for leave to File Plaintiff's Third Amended Complaint. ECF No. 10. By the proposed amended complaint, ECF No. 10-1, Plaintiff seeks to do three things of relevance to this motion. First, Plaintiff seeks to remove all of the federal claims. Defendants are unopposed to that request. Second and third, Plaintiff seeks to add a new defendant and to add a new claim for civil conspiracy under Texas law. Defendants are opposed to the latter two requests.

## 2. Discussion

### a. Leave to Amend

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Though that's a generous standard, 'leave to amend can be properly denied where there is a valid justification.'" *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006)). Valid justifications include undue delay, bad faith, dilatory motive, and whether the facts underlying the amended complaint were

2

known to the party when the original complaint was filed. *Id.* (quoting *Southmark Corp. v. Schulte Roth & Zabel*, 88 F.3d 311, 316 (5th Cir. 1996)). Courts may also consider a plaintiff's repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). An amended complaint is futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). The analysis requires courts to apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).

As discussed, Plaintiff's motion is opposed only in part. Plaintiff seeks to amend in part to remove all of its federal claims leaving only the state claims. Defendants are unopposed. The court sees no valid reason at this early stage of the case to deny that request and the court recommends that it be granted.

The question then becomes whether leave to amend should be granted to add a new defendant and to add a new claim for civil conspiracy under state law. The real question is whether this court should decide those questions at all. As will be discussed next, because the federal claims are being dismissed from the case, and because the parties are not completely diverse, there is no basis for federal jurisdiction. While, in theory, the court could retain jurisdiction over the case for purposes of deciding whether to allow amendment before sending it back to state court, the court recommends that the court decline to do so. Among other things, Defendants argue that the statute of limitations bars the new claims and addition of the new defendant. ECF No. 14 at 4–8. In response, Plaintiffs argue that equitable tolling of the statute of limitations should apply. ECF No. 15 at 2–4. These are questions of state law that the state court should decide along with the rest of the case.

For the reasons stated next, it is recommended that the court allow Plaintiff to amend to dismiss the federal claims and that the case be remanded to state court.

### b. Subject Matter Jurisdiction

The court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *cf.* Fed. R. Civ. P. 12(h)(3). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014).

This case was removed under 28 U.S.C. § 1331 because it presented a federal question at the time. ECF No. 1 at 2. Assuming the district judge follows the undersigned's recommendation to allow amendment to remove the federal claims from the case, there will no longer be a federal question presented. Under 28 U.S.C. § 1332, subject matter jurisdiction also exists if there is complete diversity between the parties and the amount in controversy is more than $75,000. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity requires that "all persons on one side of the controversy . . . be citizens of different states than all persons on the other side." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 281 (5th Cir. 2020). Plaintiff's Second Amended Petition, ECF No. 2-6, which was the live pleading at the time of removal states not only that Plaintiff resides in and is domiciled in Texas, but also that Defendant Fernandez is an individual residing in and domiciled in the State of Texas. Because there is a citizen of Texas on both sides of this controversy, complete diversity does not exist.

Having allowed Plaintiff to dismiss all federal claims and having determined that the court does not have diversity jurisdiction, the court must now determine whether it may exercise jurisdiction over the remaining state law claims. A federal court may exercise supplemental

4

jurisdiction over claims that "are so related to the original claims that they . . . 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). However, if the court dismisses all claims for which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over any remaining claims. 28 U.S.C. § 1367(c)(3). The "general rule is that a court should decline to exercise jurisdiction over remaining state law claims when all federal law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). Courts should consider the factors set forth in 28 U.S.C. § 1367 and "the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc.*, 554 F.3d at 601–02.

The undersigned recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claims, as is the general rule. 28 U.S.C. § 1367(c)(3); *The Lamar Co.*, 976 F.3d at 528. None of the factors weighs in favor of retaining jurisdiction. In fact, they all weigh against it. The case is in its infancy in this court, while it has a somewhat lengthy history in state court. No discovery or substantive motion practice has taken place in this court. Judicial economy weighs in favor of declining to retain jurisdiction. This federal court is just blocks from the state court, so convenience also weighs in favor of declining to retain jurisdiction. The state court has expertise in this type of case. Thus, fairness and comity weigh in favor of allowing the state court to exercise jurisdiction over the remaining state law claims. There is not a

single reason for this court to retain supplemental jurisdiction over the state claims. Remand is appropriate and the court recommends it.

### 3. *Conclusion*

The court recommends that Plaintiff's Opposed Motion for Leave to File Plaintiff's Third Amended Complaint, ECF No. 10, be **GRANTED IN PART**. Plaintiff's Amended Complaint should be placed on the court's docket and accepted only insofar as it removes all federal claims from the lawsuit. Upon dismissal of the federal claims, the court recommends that the case be **REMANDED** to state court.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on November 12, 2024.

Peter Bray
United States Magistrate Judge